

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 10, 2018

**BY ECF**

Honorable J. Paul Oetken
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

      Re: *United States v. Jose Cardenas*, 17 Cr. 551 (JPO)

Dear Judge Oetken:

      The Government respectfully submits this letter in advance of sentencing in this matter, currently scheduled for September 17, 2018.  For the reasons explained below, the Government submits that a sentence within the applicable Sentencing Guidelines range of 24 to 30 months' imprisonment would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

**A.  Factual Background**

      This case arises from a shooting in the Bronx.  On August 1, 2017, at approximately 7:30 a.m., several detectives from the New York City Police Department's Warrant Squad were in an unmarked van on the corner of Elsmere Place and Southern Boulevard in the Bronx, when they heard a loud gunshot.  The detectives looked out the window and saw Cardenas on the street corner, holding a firearm in his hand.  The detectives got out of the van and pursued Cardenas on foot.  During the foot chase, Cardenas threw the loaded firearm on the ground, where a detective recovered it.  After Cardenas was ultimately apprehended, the detectives circled back to the street corner where they first observed Cardenas holding the firearm after they heard the gunshot.  A few feet from that corner, a detective recovered a shell casing.

      The firearm and the shell casing were submitted to the NYPD forensic laboratory.  The firearm, which was loaded and operable, was a 40 caliber Glock semiautomatic pistol.  Ballistics tests confirm that the shell casing recovered from the scene of the shooting was fired from the firearm recovered from Cardenas.

      The defendant was remanded to Rikers Island, where he called his girlfriend and remarked of the shooting: "Those motherfuckers are going to respect me now on that block."

The defendant was charged by Indictment on September 7, 2017, and presented before Magistrate Judge Francis on September 13, 2017, following the defendant's surrender to law enforcement.

**B.  Applicable Sentencing Guidelines Range**

On March 12, 2018, the defendant pleaded guilty to the single-count Indictment, pursuant to a plea agreement.  The plea agreement calculated a Guidelines range of 24 to 30 months' imprisonment, based on an offense level of 15 and a criminal history category of III.  The May 31, 2018 report ("PSR") prepared by the U.S. Probation Office similarly calculates a Guidelines range of 24 to 30 months' imprisonment.  The U.S. Probation Office recommends a sentence of 12 months' imprisonment.  For the reasons set forth below, the Government respectfully submits that the offense warrants a sentence within the Guidelines range.

**C.  Discussion**

**1.      Applicable Law**

As the Court is well aware, the Sentencing Guidelines still provide strong guidance to sentencing courts following *United States v. Booker*, 543 U.S. 220 (2005), and *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005).   Because the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," *Gall v. United States*, 128 S. Ct. 586, 594 (2007), district courts must treat the Guidelines as the "starting point and the initial benchmark" in sentencing proceedings.  *Id.* at 596.  After that calculation, however, the Court must consider the seven factors outlined in Title 18, United States Code, Section 3553(a), which include the nature and circumstances of the offense, the individual characteristics of the defendant, and the need to adequately deter criminal conduct and promote respect for the law.  *Id.* at 50 & n.6.

**2.  A Guidelines Sentence Is Appropriate in This Case**

The Government respectfully submits that the application of the statutory sentencing factors set forth in Title 18, United States Code, Section 3553(a) weigh in favor of a sentence within the Guidelines range.  The factors particularly applicable here include the need for the sentence to reflect the nature and seriousness of the offense, to afford adequate deterrence to this defendant, to promote respect for the law, and to protect the public from further crimes by the defendant.  *See* 18 U.S.C. § 3553(a).

The defendant was convicted of a serious offense—possessing a firearm after being convicted of a felony.  Troublingly, the firearm was loaded, and the defendant fired that weapon on a public street, in broad daylight, on a weekday morning.  In light of these circumstances, a Guidelines sentence is appropriate to reflect the gravity of the offense conduct and the danger that such conduct poses to the community.

A Guidelines sentence is also necessary to deter the defendant and other similarly situated individuals, and to protect the public from further crimes by this defendant, because the

defendant's prior convictions and sentences have not deterred his criminal behavior. The defendant's record reflects prior convictions for possessing controlled substances and unlawfully possessing firearms. The fact that the defendant is continuing this pattern of criminal conduct at the age of 46 indicates that his prior contacts with the criminal justice system have not deterred him from continuing to commit crimes, and, most troublingly, from continuing to possess firearms. The Government therefore submits that a Guidelines sentence is necessary to deter the defendant from engaging in further criminal conduct and to ensure that the defendant does not pose a continued threat to the community.

The Government recognizes that the defendant's medical issues present mitigating circumstances that the Court may appropriately consider at sentencing. On the other hand, however, the Government submits that the defendant is responsible for far more than possessing a firearm—he fired a shot on a public street—and this aggravating factor is not adequately reflected in the Sentencing Guidelines range. As the Court is likely aware, discharging a firearm is not a federal crime, absent other circumstances, such as a nexus with drug trafficking, racketeering, or a separate crime of violence, such as a robbery. Accordingly, the defendant was charged in this case with the lone applicable federal statute: possessing a firearm following a felony conviction. Similarly, the Sentencing Guidelines do not contain an enhancement to reflect that the defendant discharged the firearm. For this reason, the Sentencing Guidelines do not capture the full scope of the defendant's conduct. However, the Government submits that the Court can and should consider the full scope of the defendant's egregious conduct when determining an appropriate sentence. *See, e.g.*, U.S.S.G. § 1B1.4; 18 U.S.C. § 3661.

In sum, a sentence within the Guidelines Range would be fair and appropriate, given the considerations under § 3553(a) and the statute's stated objectives.

**D.  Conclusion**

For the reasons set forth above, the Government respectfully requests that the Court impose a sentence within the applicable Guidelines range of 24 to 30 months' imprisonment, as such a sentence would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York


By: _____/s_____
    Alison G. Moe
    Assistant United States Attorney
    (212) 637-2225

cc:  Jullian Harris, Esq.  (by ECF)

3